IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Garcia,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-15-0127-PHX-DJH (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DIANE J. HUMETEWA, U.S. DISTRICT JUDGE:

　　　Paul Garcia filed a Petition for a Writ of Habeas Corpus in this Court challenging his convictions and sentences arising out of his attack on two of his cousins and subsequent attempt to flee. Garcia alleges that he received ineffective assistance of counsel and his due process rights were violated. Respondents argue that his claims were not exhausted in the state courts and are now subject to an implied procedural bar. As described below, the Court recommends that Garcia's petition be denied and dismissed with prejudice.

**BACKGROUND**

　　　On May 17, 2012, at the conclusion of a seven day trial in Maricopa County Superior Court, a jury found Garcia guilty of one count of disorderly conduct, a dangerous offense; two counts of aggravated assault, both dangerous offenses; one count of theft of means of transportation; and one count of unlawful flight from a law enforcement vehicle. (Doc. 9, Exs. E, N) The following day, the Court conducted a

*Blakely* hearing and found that he had knowingly, intelligently, and voluntarily waived his right to have a jury find aggravating factors and accepted his admission of aggravated factors for the two counts of aggravated assault.  (Doc. 9, Ex. O)

The Court received presentencing memoranda from the State and from Garcia, including a report prepared by a mitigation specialist.  (Doc. 9, Exs. P, Q)  On July 9, 2012, Garcia was sentenced to presumptive and aggravated sentences to run both concurrently and consecutively for a total sentence of 25.75 years.  (Doc. 9, Exs. R, S)  He received some presentence credit and, on appeal, argued he was entitled to more.  (Doc. 9, Exs. T, U, V)  The Court of Appeals disagreed and affirmed his sentences.  (Doc. 9, Ex. W)

Garcia filed a notice of post-conviction relief.[1]  (Doc. 9, Ex. Z)  He was appointed counsel who reviewed the record and then notified the Superior Court that he could not find any meritorious grounds for a petition.  (Doc. 9, Exs. AA, BB)  Garcia filed a *pro per* Petition and argued that he should not have been convicted because there was no DNA evidence, he received ineffective assistance of trial counsel when he was advised to waive his right to a hearing on the aggravated factors, and his sentence was excessive.  (Doc. 9, Exs. CC, DD)  In response, the State argued that Garcia's petition should be dismissed because it was devoid of any supporting facts and, therefore, violated Arizona Rule of Criminal Procedure 32.5.  (Doc. 9, Ex. EE)  After Garcia replied, the Superior Court summarily dismissed Garcia's petition for failure to comply with Rule 32.5.  (Doc. 9, Exs. FF, GG)  Garcia's subsequent motion for a rehearing was denied on March 3, 2014.  (Doc. 9, Exs. HH, II)

Garcia did not appeal the Superior Court's dismissal of his Rule 32 proceedings. (Doc. 9, Exs. NN, OO)  Instead, he filed a special action petition with the Arizona Court of Appeals.  (Doc. 9, Exs. JJ, OO)  After the Court of Appeals declined jurisdiction,

---

[1] Because Garcia filed his first Notice of Post-Conviction Relief before his appeal, the Superior Court dismissed it without prejudice so he could refile at the conclusion of his direct appeal.  (Doc. 9, Exs. X, Y)

Garcia petitioned the Arizona Supreme Court for review. (Doc. 9, Exs. LL, KK)  On September 23, 2014, the Supreme Court denied his petition. (Doc. 9, Ex. MM)

On January 26, 2015, Garcia filed a Petition for Writ of Habeas Corpus in this Court arguing he received ineffective assistance of trial counsel when his trial counsel failed to inform him that a jury could decide aggravated factors, failed to present mitigating evidence for sentencing, and failed to object to his excessive sentence. (Doc. 1)  He also argues that his due process rights were violated when the prosecutor failed to inform the trial court that a DNA test had never been conducted on a key piece of evidence. (*Id*.)  Respondents argue that the claims in his Petition are unexhausted and procedurally defaulted without excuse. (Doc. 9)  The Court concludes that the claims are not properly before the Court and recommends that this Petition be denied and dismissed with prejudice.

## EXHAUSTION OF REMEDIES & PROCEDURAL DEFAULT

<u>Exhaustion of Remedies</u>.  A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus.  28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).  Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory.  *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66.

<u>Procedural Default</u>.  A claim can also be subject to an express or implied procedural bar.  *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010).  An express procedural bar exists if the state court denies or dismisses a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). *Stewart v. Smith*,

536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule). *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100.

An implied procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

This Court can review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *States v. Frady*, 456 U.S. 152, 167-68 (1982).

## GARCIA'S CLAIMS ARE BARRED

Garcia did not exhaust the claims in his habeas petition and an implied procedural bar now exists to prevent him from doing so. To meet the exhaustion requirement, Garcia needed to fairly present his claim to the Arizona Court of Appeals by providing the facts underlying his claim and its federal basis in a procedurally appropriate manner. However, Garcia did not appeal the Superior Court's summary dismissal of his post-conviction relief proceedings. Instead, he filed a petition for special action. This is not a procedurally appropriate manner for presenting his claims to the Court of Appeals. Accordingly, his claims were not exhausted.

In addition, Garcia's claims are now subject to an implied procedural bar because they were not fairly presented in state court and no state remedies remain available to him because he is now precluded or time-barred from raising his claim in a successive and

1  untimely Rule 32 petition under Arizona Rules of Criminal Procedure 32.1(d)-(h), 32.2(a)
2  & (b), or 32.4(a).
3  Garcia has not demonstrated either cause for the default and actual prejudice to
4  excuse the default, or a miscarriage of justice. Accordingly, the Court cannot review his
5  claims.
6  **IT IS THEREFORE RECOMMENDED** that Paul Garcia's petition for writ of
7  habeas corpus be **denied and dismissed with prejudice**.
8  **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and
9  leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition
10 is justified by a plain procedural bar and jurists of reason would not find the ruling
11 debatable.
12 This recommendation is not an order that is immediately appealable to the Ninth
13 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules
14 of Appellate Procedure, should not be filed until entry of the district court's judgment.
15 The parties shall have fourteen days from the date of service of a copy of this
16 recommendation within which to file specific written objections with the Court. *See*, 28
17 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter,
18 the parties have fourteen days within which to file a response to the objections. Failure
19 timely to file objections to the Magistrate Judge's Report and Recommendation may
20 result in the acceptance of the Report and Recommendation by the district court without
21 further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).
22 Failure timely to file objections to any factual determinations of the Magistrate Judge will
23 . . .
24 . . .
25 . . .

be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 1st day of October, 2015.

_____
David K. Duncan
United States Magistrate Judge