IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Garcia,<br><br>          Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>          Respondents. | No. CV-15-0127-PHX-DJH<br><br>**ORDER** |

      This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254 (Doc. 1) filed on January 26, 2015, and the Report and Recommendation ("R&R") (Doc. 11) issued by United States Magistrate Judge David K. Duncan on October 1, 2015. Following a jury trial in May 2012, Petitioner was convicted of one count of disorderly conduct, a "dangerous" offense under Arizona law; two counts of aggravated assault, also dangerous offenses; one count of theft of means of transportation; and one count of unlawful flight from a law enforcement vehicle. (Doc. 11 at 1). Petitioner was sentenced in July 2012 to a combination of concurrent and consecutive sentences totaling 25.75 years in prison. (*Id.* at 2).

      Petitioner raised several claims for relief in the Petition, alleging that that he received ineffective assistance of trial counsel because counsel (1) failed to inform him that a jury could decide aggravating factors, (2) failed to present mitigating evidence at his sentencing, and (3) failed to object to his excessive sentence. Petitioner further alleges that his right to due process was violated when the prosecutor failed to notify the

trial court that a DNA test was never performed on a key piece of evidences. (Doc. 11 at 3). After consideration and analysis of the issues, Judge Duncan concluded that Petitioner failed to exhaust his state court remedies for the claims asserted in this action, and that he is now barred from doing so. (*Id.* at 3-5). Accordingly, Judge Duncan recommends the Petition be denied and dismissed with prejudice. (*Id.* at 5).

Judge Duncan advised the parties that they had fourteen days to file objections and that the failure to file timely objections "may result in the acceptance of the Report and Recommendation by the district court without further review." (Doc. 11 at 5) (citing *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)). The parties have not filed objections and the time to do so has expired. Absent any objections, the Court is not required to review the findings and recommendations in the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Nonetheless, the Court has reviewed the R&R and agrees with its findings and recommendations. The Court will, therefore, accept the R&R and deny the Petition. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Duncan's R&R (Doc. 11) is **accepted** and **adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis*

on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 22nd day of October, 2015.

Honorable Diane J. Humetewa
United States District Judge
- 3 -